# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

No. 21-60913
Summary Calendar

Maynor Duenas-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 969 144

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Maynor Duenas-Sanchez, a native and citizen of Guatemala, timely petitions us for review of the Board of Immigration Appeal's order which affirmed the Immigration Judge's denial of his motion to reconsider the denial of his motion to reopen his removal order.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60913

This court reviews the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, Duenas-Sanchez must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)). The BIA's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)). Reconsideration "is not the proper avenue for raising new issues or arguments." *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). Relying on *Omari*, the BIA concluded that the IJ was correct in determining that raising new issues in the motion for reconsideration was improper.

We lack jurisdiction to review the arguments presented by Duenas-Sanchez as they were not first presented in the original motion to reopen and so are unexhausted. *See id.*

DISMISSED.